PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, CA 91367
Telephone:  (818) 883-4400
Fax:              (818) 676-0246
Email:           peter@dion-kindemlaw.com
Attorneys for Plaintiff  Barry Rosen

JOSHUA BRIONES (SBN 205293)
joshua.briones@dlapiper.com
PATRICK S. PARK (SBN 246348)
patrick.park @dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel: 310.595.3000
Fax: 310.595.3300
Attorneys for Defendant SoftLayer Technologies, Inc.

<u>NOTE: Changes Made By The Court</u>

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Rosen,<br><br>　　　　Plaintiff,<br><br>　　　　vs.<br><br>SoftLayer Technologies, Inc., and Does 1 through 10,<br><br>　　　　Defendants. | **Case No. 12−CV−08369−PSG−VBK**<br><br>~~PROPOSED~~ **STIPULATED PROTECTIVE ORDER** |

1

**Proposed Stipulated Protective Order**

Plaintiff Barry Rosen and Defendant SoftLayer Technologies, Inc. ("SoftLayer") hereby stipulate to the entry of the following Protective Order governing the disclosure and discovery of confidential information. The parties acknowledge and understand that nothing in this Order shall be taken as an admission that information or documents that may be covered by this Order are relevant to or in any way the proper subject of discovery in this litigation.

## INFORMATION SUBJECT TO THIS ORDER

1. For the purposes of this Order, "Confidential Information" shall mean proprietary information not generally known to the public that the designating party would not disclose to competitors or third parties within the ordinary course of business, which has been designated by the producing party as "CONFIDENTIAL" pursuant to the terms of this Order.

2. Designations of "Confidential" information (hereinafter "Protected Information") may be made during depositions or other pretrial testimony: (i) by a statement on the record, by counsel, during such deposition or other pretrial proceeding, that the entire transcript or a portion thereof shall be designated as "CONFIDENTIAL" as appropriate, hereunder; or (ii) by written notice of such designation sent by counsel to all parties within 30 calendar days after the receipt of the final transcript of the deposition.  The parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without further order of the Court; provided, however, that any such modification is subject to review by the Court, if appropriate.  If any Protected Information is disclosed during the course of a deposition, that portion of the deposition record reflecting such Protected Information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

3. With respect to any testimony elicited during any deposition, whenever

counsel for any party deems that any question or line of questioning calls for or has resulted in disclosure of Protected Information and any person is in attendance at the deposition who is not qualified to receive such information pursuant to this Order, and such person is not the witness being examined, such person shall be excluded from those portions of the proceeding during which disclosure of the Protected Information occurs.

4. Notwithstanding Paragraphs 1 through 4, the following information is not Protected Information:

(a) any information that at the time of disclosure to a receiving party is in the public domain;

(b) any information that, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or breach of an obligation of confidentiality to the producing party;

(c) any information known to the receiving party prior to the disclosure; and

(d) any information obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

Nothing in this Protective Order shall preclude any party from disclosing or using, in any manner or for any purpose, any information described above in subparagraphs (a)-(d) of this Paragraph.

5. Absent a specific order by the Court, all Protected Information produced to an opposing party in this litigation shall be used by the parties solely in connection with and for purposes of this litigation, unless it is reasonably necessary or relevant in any other litigation between any of the same parties as the parties in this action. Any other use of Protected Information shall be a violation of this Order.

**DESIGNATING PROTECTED INFORMATION**

6. With respect to documents produced by a party, a "CONFIDENTIAL" designation shall be made by the party producing the document, at the time of production (or as may be agreed to by the parties), by labeling or marking the document with the appropriate legend. Any response to written interrogatories or requests for admission (or any portion thereof) that constitutes or contains Protected Information shall be labeled or marked with the appropriate legend by the party providing the response. Documents that are used as exhibits in deposition and are already designated as "CONFIDENTIAL" shall keep their confidentiality designation.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

7. The parties shall use reasonable care when designating documents or information as Protected Information. The acceptance by a party of documents or information designated as Protected Information shall not constitute an agreement, admission, or concession, or permit an inference, that the materials are in fact properly subject to protection under Federal Rule of Civil Procedure 26(c) or on any other basis. Nothing in this Order shall be construed to prevent any party from objecting to any "CONFIDENTIAL" designation as outside the scope of this Order or Federal Rule of Civil Procedure 26(c).

8. A party shall not be obliged to challenge the propriety of a designation of Protected Information at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If after receiving information designated as Protected Information a Receiving Party believes that such information does not meet the requirements for such designation, the Receiving Party shall notify the Producing Party in writing and request that the designation be removed. Within 10 days after receipt of such notice, the Producing Party shall advise the receiving party in writing whether it will or will not treat the subject information as requested. The Receiving Party shall seek to reach agreement with the Producing Party to withdraw the designation; if agreement cannot be reached between counsel, a written motion may be made to this Court by the

Producing Party for an Order maintaining the designation as to specified documents or testimony. If such motion is not made by the Producing Party within 20 days after receipt of the notice requesting that the designation be removed, such designation shall be deemed to have been removed. Any documents or information designated as Protected Information and any filing made under seal to which an objection has been made shall not be disclosed in any manner inconsistent with this Order until such matter has been resolved by agreement of the parties or by Court Order. The mis-designation of information shall not, in any way, affect the Court's determination as to whether or not the information is entitled to the requested status.

Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the party challenging the designation to sanctions under Fed.R.Civ.P. 37 and any applicable Local Rules and Court Orders. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## PERSONS QUALIFIED TO RECEIVE PROTECTED INFORMATION

9. Materials designated as CONFIDENTIAL and filings made under seal with such material may be inspected by and disclosed only to the following persons and only for the purpose of conducting this litigation:

    (a) the parties;

    (b) the Court and its employees;

    (c) any person who authored or received the information or document in the ordinary course of business;

    (d) outside counsel of record for the parties and their employees, including supporting personnel employed or retained by such counsel, such as paralegals, consultants, translators, interpreters, secretaries, clerks, stenographers or videographers, document copying or scanning services, and

data entry or data processing staff;

(e) outside expert witnesses or consultants with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof, and their respective secretarial, clerical, and supporting personnel, subject to the conditions set forth in Paragraphs 12 and 13;

(f) third-party court reporting services, third-party duplicating, document handling and/or imaging services;

(g) persons who have been retained by the receiving party or its counsel of record specifically to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in this matter (collectively referred to as "Graphic Designers"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Graphic Designer in connection with this matter; and

(h) any other persons upon such terms and conditions as the parties may agree or as the Court by order directs.

10. Any person who makes any disclosure in confidence of documents, responses, testimony or filings made under seal that are designated as Protected Information shall advise each person to whom such disclosure is made of this Order. The persons described in Paragraph 10 above are enjoined from disclosing Protected Information to any other person except in conformance with this Order.

11. Before materials designated "CONFIDENTIAL" and filings made under seal with such material may be disclosed to persons identified in Paragraphs 10(e) and 10(g), the person to whom the disclosure is to be made shall first complete and sign the Declaration attached hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms. A copy of the completed and signed Declaration shall then be immediately sent to counsel for the party producing the Confidential Information.

12. Five business days' written notice must be given to the designating party before materials designated "CONFIDENTIAL" and filings made under seal with such material may be disclosed to persons identified in Paragraphs 10(d) and 10(e). The notice shall include identification of the expert witness or consultant, a copy of the curriculum vitae for that expert witness or consultant, and a completed and signed Declaration attached hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms. In addition, any non-clerical persons who will assist the persons identified in Paragraphs 10(e) and 10(g) and have access to Protected Information shall first complete and sign the Declaration attached hereto as Attachment A stating that he or she has read and understands this Order and agrees to be bound by its terms. A copy of the completed and signed Declarations shall then be sent via email, with confirmation by mail, to counsel for the party producing the Protected Information.

13. Nothing in this Order shall be construed to require execution of the Declaration, or to prevent disclosure of its own Protected Information by the Producing Party or by any employee of such party.

**OBJECTIONS TO DISCLOSURE OF CONFIDENTIAL INFORMATION**

14. If an objection to disclosure of Protected Information is made, the parties shall attempt to informally resolve the objection before the party proposing disclosure seeks relief from the Court.

15. If the party proposing disclosure of Protected Information to persons identified in Paragraphs 10(e) and 10(g) receives an objection to such disclosure during the five-day notice period under Paragraph 14, there shall be no disclosure to the proposed receiving party until such objection is resolved. If the parties cannot informally resolve an objection to the disclosure of Protected Information, the objecting party must file a motion with the Court objecting to the disclosure within 10 business days after identification of the person to whom disclosure is sought, or the objection to disclosure is

waived, unless the parties first agree in writing to extend said time period beyond ten business days.

16. No Protected Information shall be disclosed to such person until the matter has been ruled upon by the Court or otherwise resolved.

### **INADVERTENT DISCLOSURE**

17. If a party inadvertently produces or provides discovery of any Protected Information without designating, labeling or marking it with the appropriate legend as provided in this Order, the producing party may give written notice to the receiving party or parties that the document, or other information, response or testimony is confidential and should be treated in accordance with the provisions of this Order.  The receiving party or parties must treat such documents, information, responses and testimony as designated from the date that such notice is received.  Disclosure of such documents, information, responses or testimony prior to receipt of such notice to persons not authorized to receive Protected Information shall not be deemed a violation of this Order; however, those persons to whom disclosure was made are to be advised that the material disclosed is Protected Information and must be treated in accordance with this Order.

18. If Protected Information is disclosed to anyone not authorized to receive it under this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party and make every effort to prevent further disclosure.

19. If a party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the Producing Party may give written notice to the receiving party or parties that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the producing party.  The inadvertent disclosure of information shall not constitute a waiver of attorney-client privilege or work-product immunity.  The receiving party or parties shall return to the producing party such

document. Return of the document by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose any party from moving the Court for an Order that such document has been improperly designated or should be produced for other reasons than a waiver caused by the inadvertent production. The improper designation of information shall not, in any way, affect the Court's determination as to whether or not the information is entitled to the requested status.

### THIRD PARTIES AND ADDITIONAL PARTIES

20. It is expressly contemplated, agreed and ordered that third parties, including witnesses, who provide discovery in this action may invoke all provisions of this Order as to that discovery, and that the parties to this Order will treat all material designated by such third parties as Protected Information in accordance with the terms of this Order. A third party's use of this Order to protect its Protected Information does not entitle that third party access to Protected Information produced by any party in this case.

21. In the event that one or more parties are added or substituted into this action by any means including consolidation with another action, this Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties (other than a subsidiary of a party who is already bound by this Order) to seek relief from or modification of this Order. Said parties who join or are added or substituted into this action shall not have access to Protected Information until the newly joined party or its counsel has executed, and filed with the Court, its agreement to be bound by this Order.

### MISCELLANEOUS PROVISIONS

22. This Order has no effect upon, and its scope shall not extend to, any party's use of its own Protected Information.

23. Nothing herein shall be construed to affect or limit in any way the

admissibility of any document, testimony or other evidence at trial.

24. Within thirty (30) days after the final termination of this litigation, all Protected Information produced by any party and any copies of all such documents shall, upon request by the Producing Party, be returned by counsel of record for the Receiving Party, or be destroyed at the Receiving Party's option. If the Receiving Party destroys the documents, it shall provide written certification of the destruction to the producing party. Receiving outside counsel may retain file copies of any document that has been filed with the Court under seal, any documents served on the Producing Party containing Protected Information (such as discovery responses or expert reports) and may retain other documents, things, copies and samples to the extent they include or reflect the receiving attorneys' work product. The parties agree to cooperate in the removal of Protected Information from the Court's files upon final termination of this action.

25. All obligations and duties arising under this Order shall survive the termination of this action. This Court shall retain jurisdiction indefinitely with respect to any dispute regarding the improper use of designated Protected Information, to modify the terms of this Order, or to enter further Orders respecting confidentiality, as may be necessary.

26. No part of the restrictions imposed by this Order may be waived or terminated, except by the written stipulation executed by counsel of record for each party, or by an order of the Court for good cause shown. The restrictions provided herein shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court.

Accordingly, pursuant to Federal Rule of Civil Procedure 26(c), IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

Dated: May 29, 2013

**THE DION KINDEM LAW FIRM**

By: */s/ Peter Dion-Kindem*
    Peter Dion-Kindem, P.C.
    Attorneys for Plaintiff
    Barry Rosen.

Dated: May 29, 2013

**DLA PIPER LLP (US)**

By: */s/ Patrick S. Park*
    Joshua Briones
    Patrick S. Park
    Attorneys for Defendant
    SoftLayer Technologies, Inc.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

**Court addition: LR 79-5 to be scrupulously followed**

Dated:   June 11, 2013

                            Hon. ~~Philip S. Gutierrez~~ Victor B. Kenton
                            United States ~~District~~ Magistrate Judge

# ATTACHMENT A

I, _____, state the following:

1. I reside at _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have read the Protective Order in this action and understand its provisions. I hereby promise and agree to be bound by its terms, and promise and agree to maintain, pursuant thereto, the confidentiality of all information furnished to me which has been designated as such under that Order. I understand that these promises are conditions precedent to my receipt of any such information.

5. I understand that I am to retain all copies of any documents designated as "CONFIDENTIAL" in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any Confidential Information are to be destroyed or returned to counsel who provided me with such material.

6. I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order. I also agree to notify any secretarial, clerical or supporting personnel who are required to assist me of the terms of said Order and to take steps to ensure their compliance with the terms of the Protective Order.

7. I agree to submit myself to the jurisdiction of the United States District Court for the Central District of California, for the purpose of enforcing the terms of this Acknowledgment and Declaration.

8. I understand that if I violate the provisions of the Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20___.